IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

_____x
MIKAYLA A. SARAVIA,                 :   Case No.  0:23-cv-60469
        Plaintiff,                  :
v.                                  :
                                     :
NICHOLAS D. HUNTER,                 :
        Defendant.                  :
_____x

## COMPLAINT

Plaintiff, MIKAYLA A. SARAVIA, by and through the undersigned counsel, hereby files suit against Defendant NICHOLAS D. HUNTER. In support thereof, Plaintiff alleges as follows:

### PARTIES

1. Plaintiff, MIKAYLA A. SARAVIA, is a Florida (Broward County) resident and is otherwise *sui juris*.

2. Defendant NICHOLAS D. HUNTER is a Florida (Broward County) resident and is otherwise *sui juris*.

### JURISDICTION, VENUE, & JURY DEMAND

3. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 & 1367.

4. Venue is proper in this District under 28 U.S.C. § 1391(b)(1) & (b)(2).

5. This Court has the authority to grant declaratory and injunctive relief under 28 U.S.C. § 2201 (declaratory judgment), 28 U.S.C. § 2202 (injunctive relief).

6. All conditions precedent needed to be fulfilled by the Plaintiff prior to bringing this Complaint have been satisfied or otherwise waived by the Defendant.

7. At trial by jury is demanded on all counts so triable pursuant to the Seventh Amendment and Fed. R. Civ. P. 38(b).

## FACTS COMMON TO ALL COUNTS

8. The Parties were formerly in a romantic relationship.

9. During the course of the Parties romantic relationship the Defendant has access to images, including sexually explicit images, of the Plaintiff.

10. The Parties also were in a business relationship as they are members in KKVSH, LLC.

11. The Parties had personal relationship difficulties that resulted in the Defendant assaulting the Plaintiff.

12. The Plaintiff brought a "petition for injunction for protection against domestic violence" against the Defendant ("the Domestic Violence case"). *See Saravia v. Hunter*, case no. DVCE 22-8635 (Broward Co.).

13. The Plaintiff was able to obtain injunctive relief against the Defendant in the Domestic Violence case.

14. The Plaintiff has a Twitter account, with the handle of "@MikaylaSaravia".

15. The Plaintiff has approximately 628,700 Twitter followers.

16. The Plaintiff also has two accounts on OnlyFans.com ("Only Fans").

17. During the course of the Parties' relationship the Defendant had access to the Plaintiff's Twitter account and Plaintiff's Only Fans accounts.

18. As a result of the deterioration of the Parties' relationship the Defendant changed the password to, and effectively locked the Plaintiff out of, her Twitter and one of the two Only Fans accounts.

19.     On or about January 28, 2023, the Defendant used the Plaintiff's Twitter account to send a sexually explicit image of the Plaintiff to Plaintiff's 628,700 Twitter followers in order to sexually cyberharass the Plaintiff.  A redacted image is presented below:



20. As noted above, the Defendant used the Plaintiff's Twitter account to drive Twitter followers to one of the Plaintiff's OnlyFans accounts where the Defendant had likewise posted sexually explicit images of the Plaintiff – but for sale.

21. For months, Defendant's conduct continued: on about January 5, 2023 (selling a sexually explicit video of the Plaintiff for $35); on January 28, 2023 (selling a sexually explicit image of the Plaintiff for $10); on January 21, 2023 (selling a sexually explicit image of the Plaintiff for $13), and more.

22. Indeed, the Defendant posted the sexually explicit images intending to cause substantial emotional distress to the Plaintiff.

23. The Plaintiff did not give the Defendant consent to post her sexually explicit image on Twitter.

24. The Plaintiff did not give the Defendant consent to post her sexually explicit images and videos on OnlyFans.com.

25. Moreover, the Defendant used the Twitter post to drive traffic to the Only Fans account under his control, advertising that "My OF is free for the next hour Link in Bio 😘".

26. Defendant used the Only Fans account to sell sexually explicit videos and images of the Plaintiff based on material he had amassed prior to the severance of their business and personal relationship.

27. From October 2022 through January 2023 – when the Plaintiff was able to wrest back control of the Only Fans account – the Defendant posted numerous, sexually explicit images and videos of the Plaintiff including for sale.

DIRUZZO & COMPANY
401 EAST LAS OLAS BLVD., SUITE 1400, FT. LAUDERDALE, FL 33301 • T: 954.615.1676 • F: 954.827.0340 • WWW.DIRUZZOLAW.COM

28.     Thus, not only did the Defendant post sexually explicit images of the Plaintiff on Twitter and Only Fans to cause the Plaintiff substantial emotional distress, but the Defendant also did so for economic reasons.

## CAUSES OF ACTION

### COUNT 1
### (violation of 18 U.S.C. § 1030, Computer Fraud and Abuse Act)

29.     The Plaintiff re-alleges paragraphs 1-28, *supra*, and incorporate said paragraphs by reference herein.

30.     18 U.S.C. § 1030(g) provides for a private right of action/civil cause of action by any person who suffers a violation of the statute.

31.     Plaintiff and Defendant severed their business and personal relationships in October 2022 following the domestic violence events.

32.     Plaintiff terminated Defendant from their company and otherwise refused to work with him in October 2022.

33.     Defendant misappropriated Plaintiff's Macbook laptop computer and Plaintiff's iPhone smartphone (collectively, the "Computers"), both of which were password protected.

34.     Plaintiff used the Computers in interstate commerce and communications, including to interface with her Only Fans, Twitter, and other accounts.

35.     Upon information and belief, Defendant exploited the Computers to usurp and seize control of Plaintiff's Only Fans account, Plaintiff's Twitter account, Plaintiff's Facebook account, and a short period of control over Plaintiff's Instagram account.

36.     Defendant abused the Computers to change the passwords and the e-mail addresses associated with these accounts, locking Plaintiff out.

37. Through his misuse of, and unauthorized access to, the Computers Defendant engaged in a fraudulent scheme of impersonating Plaintiff for his own pecuniary gain.

38. Defendant's scheme was intentional.

39. Defendant's use of the Computers was without the authorization of Plaintiff and otherwise exceeded his authorized access.

40. Since October 2022, Defendant's wrongful conduct with the Computers has resulted in more than $5,000 in damages to Plaintiff including by impairing Plaintiff's ability to control accounts, such as her Only Fans account and her Twitter account.

41. Plaintiff suffered loss from Defendant's conduct, including lost revenue and consequential damages from impairment to her accounts.

**WHEREFORE**, Plaintiff prays that this Court enter judgment against the Defendant including for economic damages, injunctive relief, equitable relief, attorney's fees and costs, and any other relief that the Court deems appropriate under the circumstances.

## COUNT 2
(violation of the Florida "Revenge Porn" statute – Fla. Stat. § 784.049)

42. The Plaintiff re-alleges paragraphs 1-28, *supra*, and incorporate said paragraphs by reference herein.

43. Fla. Stat. § 784.049(5) provides a statutorily created private right of action.

44. The Plaintiff is an aggrieved person in that a sexually explicit of her was posted to Twitter and Only Fans without her consent.

45. Indeed, 628,700 Twitter users were provided the sexually explicit image by the Defendant (and unknown number of Twitter users were able to repost the sexually explicit image that they

would not have been able to but for the Defendant posting the image on Twitter). Moreover, non-followers of Plaintiff's Twitter account could also view and repost the sexually explicit image.

46. Hundreds, perhaps thousands, viewed the sexually explicit images and video of the Plaintiff that the Defendant posted to Only Fans from October 2022 through January 2023 without the consent of the Plaintiff.

47. The Plaintiff seeks statutory damages of $6,287,000,000.00.[1]

48. In the alternative, the Plaintiff seeks actual damages (to be determined during discovery).

49. The Plaintiff seeks attorney's fees and costs pursuant to Fla. Stat. § 784.049(5)(c).

**WHEREFORE**, Plaintiff prays that this Court enter a judgment against the Defendant for the relief requested in paragraphs 46-48, *supra*, and, pursuant to Fla. Stat. § 784.049(5)(a) provide the Plaintiff with additional/alternative/supplemental relief by ENJOINING the Defendant from (i) disseminating any additional sexually explicit image(s) of the Plaintiff, (ii) award damages; and (iii) any other relief that the Court deems appropriate under the circumstances.

### COUNT 3
### (invasion of privacy by publication)

50. The Plaintiff re-alleges paragraphs 1-28, *supra*, and incorporate said paragraphs by reference herein.

51. The Defendant intentionally disclosed private, sexually explicit images and videos of the Plaintiff during the period of October 2022 through January 2023.

52. From October 2022, following the domestic violence events, the Plaintiff and the Defendant separated and began to unwind their business and personal relationships.

---

[1] 628,700 (number of Twitter followers) multiplied by $10,000 (statutory damages per Fla. Stat. § 784.049(5)(b)).

53. From October 2022, the Defendant has lacked consent to exploit, publish, or disseminate sexually explicit images or video of the Plaintiff.

54. From October 2022, despite the business and personal separation, the Defendant usurped personal accounts of the Plaintiff, including her Twitter account and an Only Fans account and used those accounts to publish sexually explicit images and video of the Plaintiff without her consent.

55. Absent her consent, these materials consisted of private facts, events, articles, and documents.

56. Published without her consent, the disclosure of these private facts and documents proved offensive.

57. There is no public concern that justifies publication of sexually explicit images or video of the Plaintiff without the Plaintiff's consent.

58. At all times, the Defendant acted intentionally.

59. At all times, the Defendant acted with malice toward the Plaintiff.

**WHEREFORE**, Plaintiff prays that this Court enter judgment against the Defendant including for actual damages, lost profits or a reasonable royalty, compensatory damages, attorney's fees and costs, and any other relief that the Court deems appropriate under the circumstances.

### COUNT 4
### (violation of Fla. Stat. § 540.08, Unauthorized publication of name or likeness)

60. The Plaintiff re-alleges paragraphs 1-28, *supra*, and incorporate said paragraphs by reference herein.

61. Through his posts to Twitter and Only Fans form October 2022 through the present, the Defendant published, printed, displayed and publicly used for commercial and trade purposes the

Plaintiff's name, image, likeness including in sexually explicit materials the Defendant sold on, e.g., Only Fans.

62. The Defendant also used the Plaintiff's name, image, and likeness (including impersonating her on Twitter and Only Fans) to drive trade and commercial user traffic to his own sites and enterprise.

63. The Plaintiff is a natural person.

64. The Plaintiff is famous; she has a following of approximately 8.2 million people on the social media platform, Instagram.

65. Defendant's publication activities were conducted without the express written or oral consent of the Plaintiff.

66. No other person or firm was authorized in writing by the Plaintiff to license the published material or use Plaintiff's name during this period of time (October 2022 through the present).

67. Section 540.08, Florida Statutes, permits the Plaintiff to bring a claim for this wrongdoing including for injunctive relief, damages, and punitive or exemplary damages.

**WHEREFORE**, Plaintiff prays that this Court enter judgment against the Defendant including for damages including, but not limited to, a reasonable royalty, punitive damages, attorney's fees and costs, and any other relief that the Court deems appropriate under the circumstances.

//
//
//
//

Respectfully submitted,

/s/ Joseph A. DiRuzzo, III          Dated: March 13, 2023
_____
Digitally signed by /s/ Joseph A. DiRuzzo, III
Date: 2023.03.13 16:06:49 -04'00'

Joseph A. DiRuzzo, III
Fla. Bar No. 0619175
DIRUZZO & COMPANY
401 East Las Olas Blvd., Suite 1400
Ft. Lauderdale, FL 33301
954.615.1676 (o)
954.827.0340 (f)
jd@diruzzolaw.com

*Counsel for the Plaintiff*