UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FT. LAUDERDALE DIVISION

CASE NO. 23-60469-CIV-SCOLA/GOODMAN

MIKAYLA A. SARAVIA,

    Plaintiff,

v.

NICHOLAS D. HUNTER,

    Defendant.

_____/

### REPORT AND RECOMMENDATIONS ON DEFENDANT'S MOTION TO STRIKE PLAINTIFF'S REQUESTS FOR ATTORNEY'S FEES[1]

United States District Judge Robert N. Scola, Jr. referred [ECF No. 14] this matter to the Undersigned for a Report and Recommendations on Defendant Nicholas D. Hunter's ("Defendant") motion [ECF No. 13] to strike requests for attorney's fees in Counts 1, 3, and 4[2] of Plaintiff Mikayla A. Saravia's ("Plaintiff") Complaint [ECF No. 1].

---

[1] Judge Scola's referral Order specifically refers this matter to the Undersigned "for a report and recommendations, consistent with 28 U.S.C. § 636(b)(1)(B) . . . and Rule 1(d) of the Local Magistrate Judge Rules," both of which apply to case-dispositive motions. Thus, the Undersigned will issue a Report and Recommendations (as opposed to an Order).

[2] Plaintiff uses Arabic numerals in her Complaint [ECF No. 1] to number her counts. This Report and Recommendations will use that format when referencing the counts in Plaintiff's Complaint.

Plaintiff filed a response to Defendant's motion [ECF No. 15] and Defendant filed a reply. [ECF No. 17].

For the reasons discussed below, the Undersigned **respectfully recommends** that the District Court **grant** Defendant's motion and **strike** references to attorney's fees in Counts 1, 3, and 4 of the Complaint [ECF No. 1].

I. **Background**

The Complaint alleges that Plaintiff was formerly in a romantic relationship with Defendant. [ECF No. 1, ¶ 8]. During the course of that relationship, Defendant had access to sexually explicit images and videos of Plaintiff as well as her Twitter and Only Fans accounts. *Id.* at ¶¶ 9, 14-17. Plaintiff alleges that after her relationship with Defendant "deteriorat[ed]," Defendant sexually cyberharass[ed]" her by posting sexually explicit images and videos of her, without her consent, on her Twitter and Only Fans accounts. *Id*. at ¶¶ 18-20.

The Complaint asserts the following four causes of action against Defendant: violation of 18 U.S.C. § 1030, Computer Fraud and Abuse Act (Count 1); violation of the Florida "Revenge Porn" statute, Fla. Stat. § 784.049 (Count 2); invasion of privacy by publication (Count 3); and violation of Fla. Stat. § 540.08, unauthorized publication of name or likeness (Count 4). *Id*. at ¶¶ 29-67. In each of these counts, Plaintiff requests, *inter alia*, attorney's fees. *Id*.

Defendant now moves to strike Plaintiff's requests for attorney's fees in Counts 1, 3, and 4. [ECF No. 13]. Defendant contends that the fee references in these counts should be stricken because Plaintiff lacks a statutory or contractual basis to support them. *Id.* at 2.

Plaintiff raises the following arguments in her response: (1) the Court should defer ruling on the instant motion until a fees motion is pending before it; (2) Defendant has not suffered prejudice from Plaintiff's fees assertion in Counts 1, 3, and 4 of her Complaint; and (3) the caselaw cited by Defendant does not address the situation here, where Defendant has not moved to strike *all* of Plaintiff's fee requests (i.e., Defendant has not sought to strike the fee request made in Count 2). [ECF No. 15].

In his reply, Defendant notes that Plaintiff cites no authority for the proposition that the Court should defer ruling on the instant motion. [ECF No. 17, p. 1]. Defendant also argues that he is not required to show prejudice in support of his motion and, even if he were, he *is* prejudiced by "having to defend against claims for attorney's fees that are not permitted by law, statute, or contract." *Id*. at 2. Lastly, Defendant maintains that he is "not required to move to strike all claims for attorneys' fees" in order to prevail on the instant motion and that Plaintiff's theory asserting as much is "incorrect." *Id*.

## II.   Applicable Legal Standard

Federal Rule of Civil Procedure 12(f) states that the Court may "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or

3

scandalous matter" on its own or by motion of either party. Fed. R. Civ. P. 12(f). A motion to strike serves "'to clean up the pleadings, streamline litigation, and avoid unnecessary forays into immaterial matters.'" *Hodge v. Orlando Utils. Comm'n*, 6:09-cv-1059-ORL-19DAB, 2009 WL 4042930, at *4 (M.D. Fla. Nov. 23, 2009) (quoting *McInerney v. Moyer Lumber & Hardware, Inc.*, 244 F. Supp. 2d 393, 402 (E.D. Pa. 2002)).

While motions to strike are generally disfavored and should not be used to determine disputed questions of fact or disputed and substantial questions of law -- particularly when there is no showing of prejudice to the movant -- "a prayer for relief not available under the applicable law is properly subject to a motion to strike." *Id.* (citing 2 Moore's Federal Practice ¶ 12.37[3] (3d ed. 2009)); *see also Collado v. 450 N. River Drive, LLC*, No. 22-CV-23074, 2023 WL 4105549, at *1 (S.D. Fla. June 21, 2023).

### III.  Analysis

The thrust of Defendant's argument is that Plaintiff's claim for attorney's fees in Counts 1, 3, and 4 should be stricken because there is no statutory or contractual basis for the recovery of attorney's fees. [ECF No. 13, pp. 2-3]. Defendant is correct in stating (and Plaintiff concedes as much [ECF No. 15, p. 3]), that, in the absence of statutory or contractual provisions permitting the recovery of attorney's fees, a prevailing party is not normally entitled to them. *Int'l Fidelity Ins. Co. v. Americaribe-Moriarty JV*, 906 F.3d 1329, 1335 (11th Cir. 2018) (citing *Dade Ct. v. Pena*, 664 So. 2d 959, 960 (Fla. 1995)); *see also Kallas v. Carnival Corp.*, No. 06-20115-CIV, 2008 WL 111064, at *1 (S.D. Fla. Jan. 8, 2008) (striking

attorney's fee request from third amended complaint and noting that "[p]revailing parties in litigation may only receive attorney's fees when authorized by statute or a term in a contract.").

Notably, Plaintiff has not pled any facts which suggest the existence of a contract between herself and Defendant. Nor is there any language in either 18 U.S.C. § 1030 or Fla. Stat. § 540.08 which permits the recovery of attorney's fees. Plaintiff's response does not even attempt to refute this point.

Instead, Plaintiff maintains that Defendant's motion to strike should be denied because he is not prejudiced by her claims for attorney's fees in Counts 1, 3, and 4. [ECF No. 15, pp. 2-3]. In support of her position, Plaintiff cites *Patagonia, Inc. v. Worn Out, LLC*, No. 22-CV-23858, 2023 WL 3172530 (S.D. Fla. May 1, 2023). In *Patagonia*, this Court granted in part and denied in part the plaintiff's motion to strike portions of the defendant's counterclaim. The Court struck the request for punitive damages but declined to strike the request for pre- and-post-judgment interest. Specifically, the Court stated:

> given that [the plaintiff] cite[d] no caselaw to support its motion to strike [the defendant]'s request for pre- and post-judgment interest, the Court finds that [the plaintiff] is "not prejudiced by the Court allowing [the defendant's] request for pre-judgment interest to remain." *Zwyers v. Target Corp.*, No. 809-CV-868-T-33TBM, 2009 WL 5127975, at *2 (M.D. Fla. Dec. 18, 2009). Furthermore, "while [the defendant] is not entitled to post-judgment interest at this time, because [it] ha[d] not obtained a judgment in [its] favor, the existence of [its] request for post-judgment interest causes no harm to [the plaintiff]." *Id*.

*Id.* at \*13.

The Undersigned finds *Patagonia* distinguishable. Unlike in *Patagonia*, here Defendant *has* cited several relevant cases in support of his motion to strike. Additionally, the motion in *Patagonia* was to strike a plaintiff's request for pre- and post-judgment interest, while the motion here is to strike a claim for attorney's fees. *Id.* Finally, the *Patagonia* Court did not find that the plaintiff was precluded from requesting pre- and post-judgement interest; unlike the instant case, where Plaintiff has effectively conceded that she has no legal basis for seeking attorney's fees under Counts 1, 3, and 4.

Defendant argues in his reply that he will be prejudiced by "having to defend against claims for attorney's fees that are not permitted by law, statute, or contract." [ECF No. 17, p. 2]. The Undersigned finds this argument weak because "it can hardly be said that Plaintiff's request for attorney's fees in its . . . complaint actually prejudice[s] Defendant in any way[.]" *Queen for a Day, LLC v. J. Milton & Assocs., Inc.*, No. 19-CV-24308, 2020 WL 12188440, at \*2 (S.D. Fla. Aug. 20, 2020). Nevertheless, despite a weak showing of prejudice against Defendant, Plaintiff's claims for attorney's fees in Counts 1, 3, and 4 of her Complaint remain "technically immaterial" and are properly subject to a motion to strike because the fees are not available under applicable law. *Id.* (striking without prejudice attorney's fee request in second amended complaint because the plaintiff's fee request was "premature and thus technically immaterial," even though the defendant's claim of prejudice was "arguably weak").

Plaintiff contends that because she may be able to recover attorney's fees under Count 2 of her Complaint, for a violation of Fla. Stat. § 784.049, that this "would render entitlement to attorney's fees under Counts 1, 3, and 4 duplicative and would moot-out the issue as to those counts." [ECF No. 15, p. 3]. Plaintiff cites no authority for this proposition. While section 784.049(5)(c) does permit a prevailing plaintiff to recover reasonable attorney's fees, the mere fact that attorney's fees are recoverable for *one* count does not mean that *all other* counts (for which there is no contractual or statutory basis for recovery) are somehow immunized from a Rule 12(f) analysis.

Lastly, Plaintiff asks the Court to defer ruling on this motion because she has not yet moved for attorney's fees. [ECF No. 15, p. 2]. If attorney's fees were available to Plaintiff on a statutory or contractual basis, then deferral would be appropriate. *See*, *e.g.*, *Caballero v. AAA Diversified Servs., Inc.*, No. 8:10-CV-0680-T-23EAJ, 2010 WL 3222108, at *1 (M.D. Fla. July 27, 2010), report and recommendation adopted, No. 8:10-CV-680-T-23EAJ, 2010 WL 3222102 (M.D. Fla. Aug. 16, 2010) ("Because [the] [d]efendants' ability to prove a set of facts demonstrating their entitlement to attorney's fees cannot be determined at this time, it would be premature to strike their request for attorney's fees."); *Clay v. Showntail the Legend LLC*, No. 5:20CV124-MW/MJF, 2020 WL 10727983, at *3 (N.D. Fla. Sept. 11, 2020) ("[T]he dispute has not been adjudicated, therefore it would be premature to strike a prayer for attorney's fees *which may ultimately be available*." (emphasis added)).

Here, however, the Court need not wait until Plaintiff files a motion for attorney's fees to rule on the instant motion seeking to strike the fee references asserted in Counts 1, 3, and 4 because Plaintiff has already conceded there is no statutory or contractual basis for awarding fees under those counts. *See Euro RSCG Direct Response, LLC v. Green Bullion Fin. Servs.*, 872 F. Supp. 2d 1353, 1364 (S.D. Fla. 2012) ("The Court will grant the motion to strike because [the] [p]laintiff has conceded that it is without a contractual or statutory basis for attorneys' fees."); *Hodge*, 2009 WL 4042930, at *4 ("[A] prayer for relief not available under the applicable law is properly subject to a motion to strike."(citing 2 Moore's Federal Practice ¶ 12.37[3] (3d ed. 2009)).

## IV. Conclusion

For the reasons discussed above, the Undersigned **respectfully recommends** that the District Court **grant** Defendant's motion to strike Plaintiff's requests for attorney's fees in Counts 1, 3, and 4 of the Complaint [ECF No. 1].

## V. Objections

The parties will have fourteen (14) days from the date of being served with a copy of this Report and Recommendations within which to file written objections, if any, with United States District Judge Robert N. Scola. Each party may file a response to the other party's objection within fourteen (14) days of the objection. Failure to file objections timely shall bar the parties from a *de novo* determination by the District Judge of an issue covered in the Report and shall bar the parties from attacking on appeal unobjected-to

factual and legal conclusions contained in this Report except upon grounds of plain error if necessary in the interest of justice. See 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1 (2016).

**RESPECTFULLY RECOMMENDED** in Chambers, Miami, Florida, on July 13, 2023.

*[Signature]*
Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

**Copies furnished to**:
The Honorable Robert N. Scola, Jr.
All counsel of record