United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Mikayla A. Saravia, Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 23-60469-Civ-Scola |
| | ) |
| Nicholas D. Hunter, Defendant. | ) |

**Order Denying Motion to Dismiss Counterclaim**

    This dispute relates to each party's alleged unauthorized sharing of sexually explicit images over the course of several months from late 2022 to early 2023. Before the Court is the Plaintiff's motion to dismiss the Defendant's counterclaim (ECF No. 19), to which the Defendant responded (ECF No. 27).
    Upon review of the record, the parties' briefs, and the relevant legal authorities, the Court **denies** the Plaintiff's motion. (**ECF No. 19**.)

    **1. Background**

    The Plaintiff, Mikayla A. Saravia, sued the Defendant, Nicholas D. Hunter, for violations of the Computer Fraud and Abuse Act, the Florida "Revenge Porn" statute, common law invasion of privacy by publication, and unauthorized publication of name or likeness. (Pl.'s Compl., ECF No. 1.) The Plaintiff alleges that she and the Defendant were in both a romantic and business relationship during which the Defendant had access to her social media accounts. (Pl.'s Compl. ¶¶ 8-10, 17.) The Plaintiff further claims that when the relationship disintegrated, the Defendant changed the passwords to the accounts and began posting sexually explicit photos of the Plaintiff without her consent from October 2022 to January 2023. (*Id.* ¶¶ 18-21, 27.)
    The Defendant answered and counterclaimed, alleging Plaintiff's violation of the Florida "Revenge Porn" statute, invasion of privacy by publication, unauthorized publication of name or likeness, and intentional infliction of emotional distress. (Def.'s Answer and Counterclaim Compl., ECF. No. 12.) The Defendant claims that Plaintiff was the one who took unilateral control of the social media accounts and posted unauthorized sexually explicit images of the Defendant. (Def.'s Counterclaim ¶¶ 12-14.) The Defendant also alleges that the Plaintiff disseminated these images directly to a third party without his consent. (*Id.* ¶¶ 18-22.)

The Plaintiff moved to dismiss the counterclaim pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction. (ECF No. 19.)

## 2. Legal Standard

Federal Rule of Civil Procedure 12(b)(1) allows for dismissal of a case when it is determined that the court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(b)(1). "Because a federal court is powerless to act beyond its statutory grant of subject matter jurisdiction, a court must zealously insure that jurisdiction exists over a case . . . ." *Smith v. GTE Corp.*, 236 F.3d 1292, 1299 (11th Cir. 2002). Although federal courts are of limited subject matter jurisdiction, "[i]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a).

As applied to counterclaims, "a compulsory counterclaim falls within the supplemental jurisdiction of federal courts, while a permissive counterclaim requires an independent jurisdictional basis." *Perez v. Elite Imaging, LLC*, No. 16-cv-24555, 2017 WL 666108, at *2 (S.D. Fla. Feb. 17, 2017) (Huck, J.). "A compulsory counterclaim is one which arises out of the transaction or occurrence that is the subject matter of the opposing party's claim; and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction." *Jagroop v. Moran Foods, LLC*, No. 13-cv-62354, 2014 WL 12600721, at *1 (S.D. Fla. Mar. 4, 2014) (Dimitrouleas, J.) (citations and quotations omitted). "A permissive counterclaim is one which does not arise out of the same transaction or occurrence." *Id.*

## 3. Analysis

The parties' main dispute centers on whether the Defendant's counterclaim is compulsory or permissive. The Plaintiff argues that the counterclaim is permissive and the Court should not exercise supplemental jurisdiction over such claims. (Pl.'s Mot. to Dismiss at 5-8.) In response, the Defendant argues that its counterclaim is properly before this court because it is a compulsory counterclaim. (Def.'s Resp. at 4-5.) The parties do not dispute the relevant test in the Eleventh Circuit for determining whether a counterclaim is compulsory: (1) are the issues of fact and law raised by the claim and counterclaim largely the same; (2) would res judicata bar the subsequent suit; (3) will the same evidence support or refute both the claim and the counterclaim; and (4) is there any logical relation between the claim

and the counterclaim. *Montgomery Ward Dev. Corp. v. Juster*, 932 F.2d 1378, 1381 (11th Cir. 1991). If any of the questions are answered in the affirmative, the counterclaim is compulsory, and every compulsory counterclaim necessarily passes the logical relationship test, which evaluates whether "the same aggregate of operative facts serves as the basis of both claims." *Novick v. Wells Fargo Bank, N.A.*, No. 16-cv-22982, 2017 WL 2464707, at *2 (S.D. Fla. June 7, 2017) (Gayles, J.) (citing *Juster*, 932 F.2d at 1381). Florida courts broadly construe the logical relationship test. *Id.*

      The Plaintiff argues in her motion to dismiss the counterclaim that there is no logical relationship between the complaint and counterclaim facts because the Defendants' state law claims arise from separate events that took place at different times—namely, the Plaintiff sending photos to a third party in September 2022 and the Plaintiff posting photos on social media in March 2023. (Pl.'s Mot. to Dismiss at 5.) The Defendant's alleged wrongful conduct, in contrast, took place from October 2022 to January 2023. (*Id.* at 5-6.)

      The Defendant responds that the Plaintiff incorrectly characterizes the counterclaim, which states that the Plaintiff's wrongful conduct began in September 2022 with respect to dissemination to a third party and also took place in March 2023 with respect to public dissemination of images. (Def.'s Resp. at 1.) The Defendant further emphasizes that both the complaint and counterclaim focus on the ownership and control of specific social media accounts and whether each party consented to the dissemination of images on that account. (*Id.* at 3.) All four of the counts in the counterclaim connect back to these factual questions regarding the social media accounts. (*See id.*)

      The Court agrees with the Defendant that the events are logically connected such that the counterclaim is compulsory. First, the parties do not dispute that each complaint involves the same legal questions and the same parties. (Pl.'s Mot. to Dismiss at 5, 7.) Regarding the relevant circumstances alleged in the complaints, each presents a different version of activity taking place on the same social media accounts over a similar period of time. Specifically, both complaints make significant allegations regarding the parties' respective activity on the KKVSH OnlyFans account. (*See* Pl.'s Compl. ¶¶ 26-27; Def.'s Counterclaim ¶ 14.) While the relevant time period in the Defendant's counterclaim extends one month earlier and one month later than that of the Plaintiff's claims, the facts therein are not so dissimilar as to convince the Court that the allegations have no logical connection to those in the Plaintiff's complaint and should be separately brought in state court.

      Furthermore, the evidence and witnesses presented at trial would be similar for each claim. The Eleventh Circuit looks to whether the state claims "involve the same witnesses, presentation of the same evidence, and

determination of the same, or very similar, facts" as the federal claims. *Fernandez v. Xpress Painting Corp.*, No. 12-cv-21738, 2012 WL 3562255, at *2 (S.D. Fla. Aug. 17, 2012) (Moreno, J.) (quoting *Palmer v. Hosp. Auth. of Randolph Cnty.*, 22 F.3d 1559, 1563-64 (11th Cir. 1994). Here, each counterclaim count would rely on similar or the same proof that the Defendant would rely upon to defend against the Plaintiff's claims, including evidence regarding the ownership, control, and activity of the relevant social media accounts in late 2022 and early 2023. (*See* Def.'s Resp. at 5.) The Court therefore concludes that it has jurisdiction over the Defendant's counterclaim and declines to dismiss it.

### 4. Conclusion

Accordingly, the Court **denies** the Plaintiff's motion to dismiss the counterclaim. (**ECF No. 19**.)

**Done and ordered** at Miami, Florida, on September 15, 2023.

_____
Robert N. Scola, Jr.
United States District Judge